# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 5, 2025, 8:56 pm (ea)
Lucy H. Carrillo, Clerk of Court

**SEALED**
BY ORDER OF THE COURT

United States of America
v.
Sean Purganan Bayudan

Defendant(s)

Case No. MJ 25-1022 WRP

**FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 10, 2024** in the county of **Honolulu** in the **--** District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Ammunition |
| 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871 | Possession of an Unregistered Firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Wesley Monaco
Printed name and title

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: August 5, 2025

City and state: Honolulu, Hawaii

_____
Wes Reber Porter
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

SARA AYABE #9546
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: sara.ayabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 25-1022 WRP |
| | ) | |
| Plaintiff, | ) | AFFIDAVIT IN SUPPORT OF |
| | ) | CRIMINAL COMPLAINT |
| vs. | ) | |
| | ) | |
| SEAN PURGANAN BAYUDAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Wesley F. Monaco, being duly sworn telephonically, state the following is true and correct to the best of my knowledge and belief:

## BACKGROUND

1. This affidavit is submitted for the purpose of establishing probable cause that, on or about December 10, 2024, within the District of Hawaii, SEAN PURGANAN BAYUDAN ("BAYUDAN"), the defendant, unlawfully possessed ammunition as a prohibited person having been convicted of a prior felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and unlawfully possessed a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871.

2. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 21 of the United States Code.

3. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been since December 2023. As a Special Agent with the DEA, my duties include the investigation of violations of federal laws concerning the transportation, importation, manufacture, possession, and distribution of controlled substances. I completed 17 weeks of Federal Law Enforcement Training, graduating from the DEA Basic Agent Training Program in December 2023, with training in legal, tactical, and investigative skills. I am currently assigned to the

Honolulu District Office in Honolulu, Hawaii.  In connection with my official duties, I investigate criminal violations of federal drug laws and related offenses- including violations of Title 21, United States Code, 801 et seq., and the Federal Controlled Substance Act. I am familiar with and have used many of the traditional methods of investigation, including, visual surveillance, informant and witness interviews, defendant debriefings, undercover operations, and the seizure of drug evidence.  During my employment with DEA, I have become knowledgeable with the enforcement of Federal laws pertaining to narcotics and dangerous drugs.  In particular, I have become versed in the methodology utilized in narcotics trafficking operations, the specific language used by narcotic traffickers, the unique trafficking patterns employed by narcotics organizations, and their patterns of drug abuse.  My training and experience as a Special Agent, my participation in a multitude of investigations, and my interactions with other agents, as well as with other state and local law enforcement officer's familiar with drug investigations, form the basis of the opinions and conclusions set forth below, which I have drawn from the facts set forth herein.

    4.    This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, information obtained from witnesses, and other evidence.

Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of the investigation.

## PROBABLE CAUSE

5. Through my observations, speaking with other law enforcement officers, as well as reviewing Honolulu Police Department (HPD) and Drug Enforcement Administration (DEA) reports relating to an incident that occurred on December 10, 2024, from which I have learned, in substance and in part, the following.

6. On December 10, 2024, Sean BAYUDAN was arrested by the Honolulu Police Department (HPD) pursuant to a state arrest warrant. At the scene of the arrest, BAYUDAN was advised of his *Miranda* rights and waived them. In substance and in part, BAYUDAN stated that he was in possession of two firearms located at his residence, located within the District of Hawaii (the "Residence"). BAYUDAN verbally consented to the DEA entering the Residence to recover the firearms.

7. DEA drove BAYUDAN to the Residence, and BAYUDAN pointed out where the two firearms were located within the Residence. DEA observed that one of the firearms was a Glock style pistol, privately made firearm (PMF), with

no serial number, commonly referred to as a "ghost gun." This ghost gun was complete with a magazine containing ten rounds of 9mm ammunition. DEA observed that the other firearm appeared to be a shotgun with readily apparent modifications to its barrel and stock (the "sawed-off shotgun"). Below is a photograph of the two firearms:



8. That same day, BAYUDAN was taken to the Honolulu District 2 Police Station. There, BAYUDAN was again advised of his *Miranda* rights and waived them. In a recorded interview, BAYUDAN stated, in substance and in part, that he had built the ghost gun and that he had sawed down the shotgun.

### Examination of the Sawed-Off Shotgun

9. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

5

Firearms Technology Criminal Branch received the sawed-off shotgun for examination, testing, and classification. An ATF Firearms Enforcement Officer prepared a report and determined that the firearm was a weapon made from a shotgun, which as modified has an overall length of less than 26 inches and a barrel less than 18 inches in length, and thus is a firearm as defined in 26 U.S.C. § 5845(a)(2).

10. ATF Special Agent Joe Villagomez has reviewed the National Firearms Registration and Transfer Record (NFRTR) record search, which indicates that the aforementioned weapon made from a shotgun has not been registered in the NFRTR, and that BAYUDAN does not have any firearms registered to him in the NFRTR.

## Interstate and Foreign Nexus

11. ATF SA Villagomez reviewed photographs of the ten rounds of 9mm ammunition recovered from BAYUDAN by the DEA. ATF SA Villagomez confirmed the ammunition was not manufactured in the State of Hawaii, and thus, necessarily traveled through interstate and/or foreign commerce prior to being possessed in the State of Hawaii.

## Conviction and Status as a Felon

12. A computer check was conducted on law enforcement databases, and

it was confirmed that BAYUDAN was previously convicted of at least one felony offense, namely a crime punishable by imprisonment for a term exceeding one year.  BAYUDAN has a prior federal conviction for aggravated identity theft in 2017, for which he was sentenced to two years' imprisonment, followed by one year of supervised release.

## CONCLUSION

13.   Based on the foregoing facts and my training and experience, I respectfully submit that there is probable cause to conclude SEAN PURGANAN BAYUDAN committed the offenses of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871.

DATED: Honolulu, Hawaii, August 5, 2025.

Respectfully submitted,

_____
Wesley F. Monaco
Special Agent
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at XXXXXX on August __5__, 2025.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this __5th__ day of August, 2025, at Honolulu, HI.



_____
Wes Reber Porter
United States Magistrate Judge